**Maria De Jesus Garcia ALVAREZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71290.

Agency No. A75–532–490.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 24, 2004.

Susan E. Hill, Law Offices of Susan E. Hill, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Patricia L. Buchanan, U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY, and WARDLAW, Circuit Judges.

MEMORANDUM **

Maria de Jesus Garcia Alvarez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her application for cancellation of removal. We review claims of due process violations in immigration proceedings de novo, *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

Garcia Alvarez's constitutional challenge to the BIA's streamlining regulation, which we have jurisdiction to review pursuant to 8 U.S.C. § 1252, is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

We lack jurisdiction to review the IJ's unchallenged discretionary determination that Petitioner failed to meet the hardship requirement for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003). Thus, we need not consider the IJ's finding that Petitioner's witnesses were not credible in establishing the ten-year physical presence requirement.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We also lack jurisdiction to review whether the BIA improperly streamlined this appeal. *See Falcon Carriche*, 350 at 854.

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft*, No. 03–70477 and further order of this Court.

PETITION FOR REVIEW DENIED in part, DISMISSED in part.